UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JONES, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE RAYMOND CORPORATION,<br><br>　　　　Defendant. | Case No. 22-mc-80074-JSC<br><br>**ORDER GRANTING MOTION TO QUASH OR FOR PROTECTIVE ORDER** |

Non-party The Gap, Inc. ("Gap") moves for a protective order or, alternatively, to quash a subpoena issued by Plaintiffs-Respondents Rodney Jones and Deangela Battle. (Dkt. No. 1.) The underlying product liability case against the Raymond Corporation, a manufacturer of standup forklifts, is pending in the United States District Court for the Northern District of Mississippi. Mr. Jones suffered a left foot crush injury while operating a Raymond 4250 forklift at a FedEx Supply Chain facility and alleges that the injury was caused by the forklift's design, namely, the absence of a guard or door over the forklift's rear entry to prevent an operator's left foot from inadvertently leaving the compartment. To counter Raymond's expert's opinion, Plaintiffs seek discovery from Gap to show that a business can safely use a forklift with a rear guard or door even if it is not operating in a warehouse with hazards. After reviewing the parties' written submissions, and having held oral argument on April 28, 2022, the Court GRANTS the motion to quash the subpoena.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Parties may seek discovery within the scope of Rule 26(b) by deposing a witness pursuant to Rule

1   30 or serving requests for production of documents pursuant to Rule 34.  Rule 45 governs

2   discovery of non-parties by subpoena.  The scope of discovery under Rule 45 is the same as under

3   Rule 26(b).  *See* Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970); Fed. R. Civ. P. 34(a).

4         A non-party subject to a subpoena may file a motion to quash or modify the subpoena.

5   Fed. R. Civ. P. 45(d)(3)(A).  A court must quash or modify a subpoena that subjects a person to

6   undue burden.  Fed. R. Civ. P. 45(d)(3)(A)(iv).

7         The at-issue Rule 45 deposition subpoena directs Gap to produce a corporate designee to

8   attend a deposition by video to testify on six topics with several subtopics: (1) background of the

9   corporate designee; (2) Gap's purchase history of standup forklifts from Raymond; (3) Gap's

10  experience with off-dock events and standup forklifts; (4) Gap's experience with tip-over events

11  and standup forklifts; (5) Gap's experience with collision events and standup forklifts; and (6)

12  whether operator compartment doors on standup forklifts are safe.  (Dkt. No. 3-3 at 13-22.)  The

13  Court finds that it presents an undue burden.

14        Preparing a witness to respond to the topics and the details Plaintiffs seek would take days,

15  if not weeks, and require investigation into Gap's national operations.  Further, given that expert

16  discovery has closed in the underlying action, and that summary judgment and *Daubert* motions

17  have been filed, the Court is not persuaded of the utility of the information to Plaintiffs'

18  prosecution of their case.  Plaintiffs have not shown that they first attempted to discover the

19  information—such as Raymond's forklift sales to Gap—from Raymond.  *See Moon v. SCP Pool*

20  *Corp.*, 232 F.R.D. 633, 638 (N.D. Cal. 2005).  Given the procedural posture of the underlying

21  case, the broad information the subpoena seeks, and the burden it imposes upon Gap—a stranger

22  to the underlying lawsuit—the Court finds that the subpoena is not proportional to the needs of the

23  case.  *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, the motion to quash is GRANTED.

24        Gap's request for fees and costs as a sanction is DENIED.  While Gap complained about

25  Plaintiffs' use of an investigator in its opening brief, it cited nothing—no law, no regulation, no

26  case—to support its bald assertion that it was improper.  (Dkt. No. 1-1 at 9.)  Gap's citation to

27  some rules of professional responsibility in its reply brief is too late.  *See In re Xyrem (Sodium*

28  *Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 885 (N.D. Cal. 2021).

1   This Order disposes of Docket No. 1.  The Clerk shall close the case.

2   **IT IS SO ORDERED.**

3   Dated: May 2, 2022

      *Jacqueline Scott Corley*
      JACQUELINE SCOTT CORLEY
      United States District Judge

3